UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STANLEY SANDOVAL,<br><br>              Petitioner,<br><br>          v.<br><br>DEBBIE ASUNCION, Warden[1],<br><br>              Respondent. | Case No. SACV 16-01010-JLS-KK<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable Josephine L. Staton, United States District Judge, pursuant to the provisions of Title 28 of the United States Code, section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

Petitioner Richard Stanley Sandoval ("Petitioner"), a California state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus

---

[1] The People of the State of California is hereby replaced as the named Respondent by Warden Asuncion. See Rule 2(a), Rules Governing Section 2254 and Section 2255 Proceedings. Given that no argument had been raised to challenge the Court's jurisdiction based on the originally named respondent, the Court will proceed as though the right to contest personal jurisdiction has been waived. See Smith v. Idaho, 392 F.3d 350, 355-56 (9th Cir. 2004).

("Petition") pursuant to Title 28 of the United States Code, section 2254, challenging his conviction for first-degree murder during the commission or attempted commission of a rape. Respondent Debbie Asuncion, Acting Warden of the California State Prison, Los Angeles County, filed a Motion to Dismiss ("Motion") for failure to exhaust claims. As discussed below, the Court recommends granting the Motion and dismissing this action without prejudice.

## II.

## PROCEDURAL BACKGROUND

### A.   STATE COURT PROCEEDINGS

On June 19, 2014, following a jury trial in the California Superior Court for the County of Orange, Petitioner was convicted of first-degree murder with a special circumstance finding the murder was committed during the commission or attempted commission of a rape in violation of California Penal Code sections 187(a), 190.2(a)(17)(c), and 261. See ECF Docket No. ("Dkt.") 1, Pet. at 2; Lodged Document ("Lodg.")[2] 1 at 6. The trial court sentenced Petitioner to life in prison without the possibility of parole. Lodg. 1 at 6.

Petitioner filed a direct appeal to the California Court of Appeal. Lodg. 1. In his appeal, Petitioner argued: (1) insufficient evidence to support the jury's true finding of the special circumstance allegation Petitioner raped or attempted to rape the victim in the commission of her murder; and (2) insufficient evidence to support the felony-murder instruction regarding rape. Id. at 6. On February 4, 2016, the California Court of Appeal rejected both claims and affirmed Petitioner's conviction. See Lodg. 1.

---

[2]   The Court's citations to Lodged Documents refer to documents Respondent lodged in support of the Motion. See Dkt. 9, Notice of Lodging. Respondent numbers the documents as follows:

1. California Court of Appeal opinion;
2. Petition for Review; and
3. California Supreme Court Order Denying Petition for Review.

On March 8, 2016, Petitioner filed a petition for review in the California Supreme Court. Lodg. 2. In his petition, Petitioner argued: (1) "…the record does not contain substantial evidence supporting the rape special circumstance, and this requires that the rape special circumstance be reversed;" and (2) "…if the record does not contain substantial evidence of rape, it was error to instruct on first degree felony murder during the commission of rape." Id. at 10. On July 13, 2016, the California Supreme Court denied the petition. See Lodg. 3.[3]

B. FEDERAL HABEAS PROCEEDINGS

On May 31, 2016, Petitioner filed the instant Petition challenging his 2014 conviction and sentence. Dkt. 1, Pet. at 2. Petitioner asserts the following five claims: (1) the police framed Petitioner by placing Petitioner's DNA and footprint at the scene of the crime and by lying and stating Petitioner was present at the scene when the victim was killed; (2) Petitioner could not have left his footprint and DNA because Petitioner was at a job interview in Fullerton when the crime was committed; (3) a third person committed the crime, and Petitioner is actually innocent; (4) the footprint found on the body and the cement, as well as the blood on the knife, does not belong to Petitioner; and (5) Petitioner permitted the victim to borrow his knife, which likely explains why the victim's blood was found there. See id. at 5-6. Additionally, Petitioner claims he informed his appellate counsel of each of the aforementioned claims, but concedes counsel did not raise them in his state court proceedings. Id. at 7.

On July 12, 2016, Respondent filed the Motion arguing the Petition is wholly unexhausted because Petitioner failed to raise the five claims presented in the Petition with the California Supreme Court. See Dkt. 8, Motion. Petitioner has not filed an opposition. The Motion thus stands submitted and ready for decision.

///

---

[3] A docket search of the California Supreme Court's website does not reveal any filings under Petitioner's name since his March 2016 petition for review.

# III.
# DISCUSSION

## A. THE PETITION MUST BE DISMISSED AS WHOLLY UNEXHAUSTED

### 1. APPLICABLE LAW

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

"Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (stating "the district court [i]s 'obliged to dismiss immediately,'" where a petition contains no exhausted claims)).

### 2. ANALYSIS

Here, the Petition is wholly unexhausted. In his petition for review to the California Supreme Court, Petitioner raised claims of insufficient evidence to support the special circumstance finding of rape and related instructional error. See Lodg. 2 at 10. To support these claims, Petitioner focused on the DNA evidence found in the victim's vagina. See id. at 5-8. Specifically, Petitioner asserted that the DNA evidence, "at most, supported two inferences: (1) the touch DNA came from penile penetration, meaning it supported a rape special circumstance, and (2) the touch DNA came from digital penetration and therefore would not support a rape special circumstance because digital penetration is not rape." Id. at 6.

Petitioner's instant Petition, however, rests on an entirely new set of legal and factual claims. In his Petition, Petitioner raises claims of wrongful conviction and actual innocence. See Dkt. 1, Pet. at 5-6. Specifically, Petitioner asserts any DNA found on the victim was the product of police misconduct, and consequently, Petitioner is actually innocent of the crime committed. Id. at 6. To support this theory, Petitioner refers to evidence that was not presented to the California Supreme Court – most notably that Petitioner had a potential alibi on the date of the murder. See id. 5-6. Hence, the legal and factual basis for the five claims in the instant petition were not fully and fairly presented to the California Supreme Court. See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009) (finding that a claim is fully and fairly presented when it includes both "the factual and legal basis for the claim"). Furthermore, Petitioner concedes his claims are unexhausted, see Dkt. 1, Pet. at 7, and in fact, has not filed an opposition to the Motion.[4] Accordingly, because the California Supreme Court has not ruled on any of the

---

[4]  Purusant to Local Rules 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

1  claims raised in the Petition, Petitioner has not satisfied the exhaustion
2  requirement.  See O'Sullivan, 526 U.S. at 845.  Thus, the Petition must be
3  dismissed as wholly unexhausted.  See Rasberry, 448 F.3d at 1154.

### B. PETITIONER DOES NOT QUALIFY FOR A RHINES STAY

#### 1. APPLICABLE LAW

Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts.  Id. at 276; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

Importantly, the United States Supreme Court has cautioned that a Rhines "stay and abeyance should be available" to a habeas petitioner "only in limited circumstances" because

> [s]taying a federal habeas petition frustrates [The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")]'s objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id. at 270; see also Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (rejecting "a broad interpretation of 'good cause'" because "[s]tays . . . delay the execution of sentences and reduce a petitioner's incentive to exhaust all claims in state court").

A petitioner fails to establish good cause for a <u>Rhines</u> stay where the petitioner merely calls his counsel ineffective for failing to raise certain claims but "has not developed any ineffective assistance of counsel argument" under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." <u>Wooten</u>, 540 F.3d at 1024 n.2. Additionally, a petitioner cannot simply rely on the fact that his or her appellate counsel failed to raise the unexhausted claims because it is the petitioner's responsibility to show that the default resulted from an objective factor which cannot fairly be attributed to him. <u>Coleman v. Thompson</u>, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); <u>Hernandez v. Sullivan</u>, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (finding no good cause for a <u>Rhines</u> stay where appellate counsel's alleged failure "did nothing to prevent [the] [p]etitioner from seeking state habeas relief for the unexhausted claims").

### 2. ANALYSIS

Here, Petitioner has not sought a <u>Rhines</u> Stay. However, even assuming he did, Petitioner does not qualify for a <u>Rhines</u> Stay because he lacks good cause for his failure to exhaust. In his Petition, Petitioner asserts his appellate counsel failed to raise any of Petitioner's five claims despite Petitioner informing counsel of the claims' existence. See Dkt. 1, Pet. at 7. To the extent Petitioner may argue counsel was ineffective for failing to raise Petitioner's claims, Petitioner cannot qualify for a <u>Rhines</u> Stay because he "has not developed any ineffective assistance of counsel argument" to show sufficient good cause. See <u>Wooten</u>, 540 F.3d at 1024 n.2. Rather, Petitioner presents only a bare assertion of ineffective assistance of counsel, and has not set forth "a concrete and reasonable excuse [for his failure to exhaust], supported by evidence that his state post-conviction counsel failed to discover, investigate, and present [his unexhausted claims] to the state courts." See <u>Blake v. Baker</u>, 745 F.3d 977, 983 (9th Cir.), <u>cert. denied</u>, 135 S. Ct. 128, 190 L. Ed. 2d 231 (2014). Furthermore, his counsel's failure to raise the unexhausted claims in the

California Supreme Court does not establish good cause for a Rhines stay because such a failure "did nothing to prevent Petitioner from seeking state habeas relief for the unexhausted claims." See Hernandez, 397 F. Supp. 2d at 1207.  Consequently, Petitioner has failed to show good cause warranting a Rhines stay, and the Court need not consider the other two Rhines factors.  See Wooten, 540 F.3d at 1023.

## IV.
## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED the District Court issue an Order (1) ACCEPTING this Final Report and Recommendation; (2) GRANTING the Motion to Dismiss; and (3) DISMISSING this action without prejudice.

Dated:  October 31, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge